# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1769V

|  |  |
|---|---|
| THERESA COPLEY-SMITH,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Nassem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 4, 2020, Theresa Copley-Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that she received on October 23, 2019. Petition at 1. On April 22, 2025, I issued a decision awarding compensation to Petitioner. ECF No. 48.

Petitioner has now filed a motion for attorney's fees and costs requesting a total award of $35,344.17 (representing $34,160.70 in fees plus $1,183.47 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed January 14, 2026, ECF No. 54.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Furthermore, Petitioner filed a signed statement representing that Petitioner incurred $16.15 in personal out-of-pocket expenses. ECF No. 55.

Respondent reacted to the motion on January 21, 2026. ECF No. 56. Respondent noted that in Petitioner's Motion, certain paralegal tasks had been billed at an attorney rate, only identifying these tasks with the general description of "communicating with Petitioner regarding explanation of benefits ("EOBs")" (citing them at ECF No. 54 at 6). *Id.* at 4. Respondent is otherwise satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but defers resolution of the amount to be awarded to my discretion. *Id.* at 2-4.

On January 28, 2026, Petitioner field a Reply to Respondent's Response. ECF No. 57. Petitioner noted that although Respondent does not specifically outline the entries to which he objects, it is assumed to be three entries of communication regarding EOBs between September 2-28, 2020 (billed at a tenth of an hour each). *Id.* at 2-3. Counsel for Petitioner argued that this communication was required to proceed with Petitioner's vaccine injury claim. *Id.* at 3. Council concluded that their "billing was efficient and reasonable" and requests the fees and costs be award in full. *Id.* at 5.

I have reviewed the billing records submitted with Petitioner's request. The request appears reasonable, and I find no cause to reduce the requested hours or rates (including the scant instances in which Respondent deemed a task to be paralegal in nature). Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 54 at 23-34. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $35,360.32 (representing $35,344.17 for attorney's fees and costs and $16.15 for Petitioner's personally incurred costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master